## Case No. 17,613.

WICKHAM v. VALLE et al.

[11 N. B. R. 83.] [1]

Circuit Court. E. D. Missouri. 1875.

ASSIGNMENT IN BANKRUPTCY — EFFECT — WIFE'S CHOSES IN ACTION.

Under the provisions of the bankrupt act [14 Stat. 517], the choses in action of the wife, not reduced to possession of the husband, do not pass to the assignee. The husband's power to make an assignment of his own volition does not pass to the assignee, more especially when at the date of the bankruptcy the husband had not the power to reduce to possession immediately.

[Appeal from the district court of the United States for the Eastern district of Missouri.]

This was a bill in equity brought in the district court by the assignee in bankruptcy of John R. Picton, against the executors of Jules Valle, deceased, the bankrupt, and his wife, to require the executors of Valle to pay to complainant the share of the personal property and estate of the testator bequeathed to Zoe Valle, wife of J. R. Picton, as residuary legatee, when the estate should be settled, and to enjoin the executors from making any further payments to the bankrupt and his wife. Jules Valle, the father of bankrupt's wife, made his will, duly proved in March, 1872, in which, after devising and bequeathing property to his wife and in lieu of dower, he devised and bequeathed the residue of his estate to his children in equal parts, the wife of the bankrupt being one of such children. Picton was adjudged a bankrupt on petition of creditors in July, 1873, and complainant was appointed assignee. The personal property of the testator consisted entirely of stocks, bonds, notes, and cash, amounting to about eight hundred thousand dollars, bequeathed to the seven children as residuary legatees in equal parts, so that the share of the bankrupt's wife would have been about one hundred thousand dollars. By the statutes of Missouri, estates may be closed in two years after grant of letters, and all debts not presented within that time are barred. The bill alleged that at the annual settlement in June, 1873, the balance in the hands of the executors was eight hundred and ninety-one thousand nine hundred and ninety-four dollars and eighty-three cents, and that all the debts had been paid, and that at the June term, 1874, of the St. Louis probate court, a final settlement would be due, and the legatees could demand payment of their legacies. The bill prayed, that the executors might be enjoined from making any payment to the bankrupt, J. R. Picton, or to his wife,

Zoe Valle, and that they be required to account to and with the assignee for the share of Zoe Valle in the personal estate.

The defendants demurred to the bill for want of equity, which was sustained by the district court [case unreported], and complainant appealed to the circuit court.

Mr. Whittelsey, for complainant, cited the following authorities: As to frame of the bill: Mitford v. Mitford, 9 Ves. 87, and note (Sumner's Ed.); Pierce v. Thornely, 2 Sim. 169; s. c., 2 Eng. Ch. R. 167; Ripley v. Woods, 2 Sim. 167. As to the effect of the assignment in bankruptcy: 2 Kent, Comm. 135, 136, and notes; Id. 138, notes a, b; Wheeler v. Bowen, 20 Pick. 563; Hayward v. Hayward, 20 Pick. 517; Strong v. Smith, 1 Metc. (Mass.) 476; Smith v. Chandler, 3 Gray. 392; Bates v. Dandy, 2 Atk. 207; Mitford v. Mitford, 9 Ves. 87; Davis v. Newton, 6 Metc. (Mass.) 537; Gray v. Bennett, 3 Metc. (Mass.) 522; Jewson v. Moulson, 2 Atk. 417; Shaw v. Mitchell [Case No. 12,722]; Outcalt v. Van Winkle, 1 Green, Ch. [2 N. J. Eq.] 513. As to an assignment under the laws of Missouri: Leakey's Adm'r v. Maupin, 10 Mo. 368; Gillet v. Camp, 19 Mo. 404; Wood v. Simmons, 20 Mo. 363; Croft v. Bolton, 31 Mo. 355; Clark v. National Bank of Missouri, 47 Mo. 17; Woodford v. Stephens, 51 Mo. 443; Sitz v. Deihl. 55 Mo. 17, 21. That a legacy or distributive share of an intestate is a chose in action: 2 Kent, Comm. 135; Schuyler v. Hoyle, 5 Johns. Ch. 196; Carteret v. Paschal. 3 P. Wms. 197; Bates v. Dandy, 2 Atk. 206; Wall's Guardian v. Coppedge, 15 Mo. 448; Thomas v. Kelsoe, 7 T. B. Mon. 521.

Mr. Clover, for defendants, admitted that under the English bankrupt law and decisions, the husband's power over his wife's choses in action would vest in the assignee, but claimed that no such effect could be given to the act of 1867, and cited Shay v. Sessamon, 10 Barr [10 Pa. St.] 432; Gallego v. Chevalle [Case No. 5,200]; Wheeler v. Moore. 13 N. H. 478; In re Snow [Case No. 13,142]; Krumbaar v. Burt [Id. 7,944]; Dold's Trustee v. Geiger's Adm'r. 2 Grat. 98; Andrews v. Jones, 10 Ala. 400.

MILLER, District Judge. Held, that under the provisions of the bankrupt law of 1867, the wife's chose in action, not reduced to possession by the husband at the time of the bankruptcy, did not pass to the assignee; more especially as in this case, when the bankrupt at the date of the bankruptcy had not the power of immediate reduction to possession, but having only a power and no vested interest in the property itself. Decree affirmed.

---

[1] [Reprinted by permission.]